UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBRA FELDMAN,<br><br>            Plaintiff,<br><br>v.<br><br>TWENTIETH CENTURY FOX, TWENTIETH CENTURY FOX TELEVISION, TWENTIETH CENTURY FOX GROUP, NEWS CORPORATION, NBC UNIVERSAL, INC., KEVIN FALLS, MARC KORMAN, UNITED TALENT AGENCY, ENDEAVOR (talent management), SHONDA RHIMES, TOUCHSTONE TELEVISION PRODUCTIONS (corrected from ABC ENTERTAINMENT − aka ABC Studios, Touchstone Television), AMERICAN BROADCASTING COMPANIES, INC. (corrected from ABC TELEVISION STUDIOS), MARK GORDON, MARK GORDON PRODUCTION COMPANY, GREG BERLANTI, MARC GUGGENHEIM, THE WALT DISNEY COMPANY AND DOES 1-75<br><br>            Defendants. | CIVIL ACTION NO. 1:09-CV-10714-RBC |

**CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S FED. R. CIV. P. R. 60(b) MOTION FOR
<u>RELIEF FROM JUDGMENT AND REQUEST FOR SANCTIONS</u>**

Defendants Shonda Rhimes, Touchstone Television Productions, LLC, American Broadcasting Companies, Inc., Deluxe Pictures, Inc. (sued herein incorrectly as Mark Gordon Production Company), Mark Gordon, Greg Berlanti, Marc Guggenheim and The Walt Disney Company (collectively, the "Touchstone Defendants") oppose Plaintiff's Motion for Relief from Judgment pursuant to Federal Rules of Civil Procedure Rule 60(b) (Dkt. No. 157). The "new evidence" presented by Plaintiff is not remotely relevant and does not satisfy the very high

burden needed in this Circuit for overturning a judgment.  Additionally, the Touchstone Defendants request that the Court impose sanctions against the Plaintiff in the form of an order requiring the Plaintiff to cease filing any additional papers or motions related to the ongoing News Corp. phone hacking scandal, unless she is able to demonstrate hacking of her own property or information.

### A. Plaintiff Has Not Presented Exceptional Circumstances Sufficient to Succeed on a Rule 60(b) Motion.

As an initial matter, Plaintiff's motion should be treated as one brought under Fed. R. Civ. P. 60(b) because Rule 60(a) is manifestly inapplicable.  Plaintiff has not alleged that any "clerical mistakes, oversights or omissions" have been committed.

The Court may grant a Rule 60(b)(2) motion for relief from a final judgment for "newly discovered evidence."  *See* Fed. R. Civ. P. 60(b)(2).  It is well settled that such a motion is granted only under "exceptional circumstances."  *See Paul Revere Variable Annuity Ins. Co. v. Zang*, 248 F.3d 1, 5 (1st Cir. 2001); *United States v. Boch Oldsmobile*, 909 F.2d 657, 660 (1st Cir. 1990); *Lepore v. Vidockler*, 792 F.2d 272, 274 (1st Cir. 1986).  The hurdle for a Rule 60(b) motion is higher in this Circuit than in others.  *Davila-Alvarez v. Surgical Group Admin.*, 257 F.3d 58, 63 (1st Cir. 2001).

Plaintiff's allegations of new evidence do not approach this high standard.  They are far-fetched and circumstantial, at best.  The News Corp. phone hacking scandal has nothing to do with Plaintiff's allegation that News Corp. targeted writers such as herself in an attempt to generate plot lines and character names for television shows.  Her claim of access by defendants remains pure speculation (and, in any event, ignores that the Court also dismissed her complaint for lack of probative similarity (Dkt. No. 134)).

Plaintiff does not present any other apparent arguments in support of her Rule 60(b) motion. Thus, Plaintiff's motion pursuant to Rule 60(b)(6) similarly must fail because she does not present "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). *See Lepore*, 792 F.2d at 275.

### B. The Court Should Order Plaintiff Not to File Any Additional Papers or Motions in this Matter Related to the News Corp. Phone Hacking Scandal.

The Court possesses discretionary powers to regulate the conduct of abusive litigants, including pro se plaintiffs. *Cf. Cok v. Family Court*, 985 F.2d 32, 34 (1st Cir. 1993); *Castro v. United States*, 775 F.2d 399, 408 (1st Cir. 1985) ("[I]n extreme circumstances involving groundless encroachments upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate."). Those powers include limiting Plaintiff's ability to file any new motions or papers. *See Fernando v. Gomez-Rosario*, 418 F.3d 90 (1st Cir. 2005) (upholding D. Mass order requiring pro se plaintiff's standby counsel to approve any motions due to plaintiff's filing numerous "totally incoherent motions"); *Hart v. United States*, 1994 WL 718953, Nos. 92-1801, 9202292, 92-2449 (1st Cir. Mar. 22, 1994) (requiring prior leave of court prior to filing any new motions or papers); *McGarry v. Geriatric Facilities of Cape Cod, Inc.*, 2011 WL 344751, C.A. No. 10-11343-GAO (D. Mass. Feb. 1, 2011) (ordering pro se plaintiff not to file any papers until directed to do so).

Plaintiff has filed a multitude of motions and other papers in this Court and in her unsuccessful appeal to the First Circuit. The First Circuit docket shows 45 entries by Plaintiff, and in its June 1, 2011 order denying Feldman's appeal for panel rehearing, the First Circuit stated that "no further filings should be submitted." Many of Plaintiff's papers are repetitive and

difficult to understand. Nevertheless, the Court staff and counsel for the defendants must review the papers, expending limited time and resources of both.

The story of the News Corp. phone hacking scandal continues to unfold, and Plaintiff apparently believes that each new development warrants a new filing to update the Court. In the interest of conserving judicial resources, the Touchstone Defendants request that the Court order Plaintiff to cease filing further papers or motions related to the News Corp. phone hacking scandal unless she can demonstrate accessing of her own property or information.

Boston, Massachusetts

Dated: July 26, 2011

                                        Respectfully submitted,

                                        TOUCHSTONE TELEVISION
                                        PRODUCTIONS, LLC
                                        AMERICAN BROADCASTING
                                        COMPANIES, INC.,

                                        By their attorneys, and

                                        SHONDA RHIMES,
                                        DELUXE PICTURES, INC,
                                        MARK GORDON,
                                        GREG BERLANTI,
                                        MARC GUGGENHEIM,
                                        THE WALT DISNEY COMPANY

                                        Appearing specially,
                                        By their attorneys,

                                        /s/ Paul Bork_____
                                        /s/ Michael P. Boudett_____
                                        /s/ Jeffrey S. Follett_____

                                        Paul Bork, (BBO# 541815)
                                        pbork_@foleyhoag.com
                                        Michael P. Boudett, (BBO# 558757)
                                        mboudett@foleyhoag.com

- 5 -

                                                          Jeffrey S. Follett, (BBO# 564337)
                                                          jfollett_@foleyhoag.com
                                                          FOLEY HOAG LLP
                                                          155 Seaport Boulevard
                                                          Boston, MA  02210
                                                          (617) 832-1000

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper and electronic mail copies will be sent to Plaintiff, 13 Aurora Lane, Salem, MA 01970 on July 26, 2011.

                                                     /s/ Jeffrey S. Follet
                                                        Jeffrey S. Follet