UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DEBRA FELDMAN<br>13 Aurora Lane<br>Salem, MA 01970<br>(617) 957-5367<br>*Pro Se Counsel*<br><br>DEBRA FELDMAN,<br><br>              Plaintiff,<br><br>    - against -<br><br>TWENTIETH CENTURY FOX, TWENTIETH CENTURY FOX TELEVISION, TWENTIETH CENTURY FOX GROUP, NEWS CORPORATION, NBC UNIVERSAL, INC., KEVIN FALLS, MARC KORMAN, UNITED TALENT AGENCY, ENDEAVOR (Talent management) SHONDA RHIMES, ABC TELEVISION STUDIOS (aka ABC Studios, Touchstone Television), ABC ENTERTAINMENT, MARK GORDON PRODUCTION COMPANY, GREG BERLANTI, MARC GUGGENHEIM, AND DOES 1-75<br><br>              Defendants. | x<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>x | Civil Action No. 09-CA-10714 |

**DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION,
NEWS CORPORATION, NBC UNIVERSAL, INC., AND KEVIN FALL'
OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN**

**DAVIS WRIGHT TREMAINE LLP**
**Elizabeth A. McNamara (EAM 1987)**
**1633 Broadway**
**New York, New York  10019-6708**
**Phone:  (212) 603-6427**
**Fax:  (212) 489-8340**

*Attorneys for Defendants Twentieth Century Fox Film Corporation,
News Corporation, NBC Universal, Inc., and Kevin Falls*

Defendants Twentieth Century Fox Film Corporation, which operates as divisions Twentieth Century Fox and Twentieth Century Fox Television (erroneously sued as "Twentieth Century Fox," "Twentieth Century Fox Television," and "Twentieth Century Fox Group"), News Corporation, NBC Universal, Inc., and Kevin Falls (collectively the "Fox Defendants"), hereby submit this memorandum of law in opposition to Plaintiff's Motion to Reopen her case, previously dismissed by this Court in its July 13, 2010 decision. *Feldman v. Twentieth Century Fox Film Corp.*, 723 F.Supp.2d 357 (D. Mass. 2010).

Plaintiff's Motion is based on alleged new evidence or omissions by this Court. Because the alleged new evidence would not have changed the outcome of this Court's decision, because no omissions occurred, and because Plaintiff presents no other reasons that would justify such extraordinary relief, the Motion to Reopen should be denied.

## PROCEDURAL BACKGROUND

On May 4, 2009, Plaintiff filed a Complaint alleging copyright infringement, misappropriation, unfair competition, and unjust enrichment on the theory that the Fox defendants, among others, had accessed and copied her series of novels, the *Overlap Series*, in creating its television show *Journeyman*. The Fox Defendants moved to dismiss the Complaint for failure to state a claim on which relief can be granted, Docket No. 56. On July 13, 2010, this Court issued its decision dismissing the copyright claims for two independent reasons: (1) because Plaintiff "failed to allege facts sufficient to demonstrate a reasonable opportunity of access to her *Overlap Series* books, and therefore cannot prove actual copying;" and (2) because there can be no probative similarity when all of the elements that Plaintiff claimed Defendant copied are uncopyrightable elements such as general ideas, scènes à faire, and stock characters. Plaintiff's state law claims were dismissed as preempted by federal copyright law. *Feldman*, 723 F.Supp.2d at 360, 366-67. On July 22, 2010, Plaintiff filed a Motion for Reconsideration,

Docket No. 136. This Court issued an order denying that Motion on August 5, 2010, holding that no good grounds for reconsideration had been adduced.

On August 11, 2010, Plaintiff noticed an appeal to the Court of Appeals for the First Circuit, Docket No. 147. In a judgment dated April 19, 2011, the First Circuit affirmed this Court's dismissal of Plaintiff's Complaint "substantially for the reasons stated in the detailed Memorandum and Order of the district court, July 13, 2010." On May 23, 2011, Plaintiff filed a petition for rehearing and rehearing en banc to the Court of Appeals for the First Circuit. The First Circuit denied that petition and all of plaintiff's pending motions on June 1, 2011.

On July 12, 2011, Plaintiff filed the instant Motion, Docket No. 157. On the same date, she filed a motion with the First Circuit requesting that "leave be granted to the District Court to correct the oversights and omissions in its July 13, 2010 decision." Plaintiff filed additional supporting material to the instant motion with this Court on July 18, 2011, Docket No. 160.

## ARGUMENT

Plaintiff bases her motion on Federal Rule of Civil Procedure 60(a) and 60(b)(2) and (6). Plaintiff fails to meet the required standards under any of these subsections of Rule 60 and therefore her motion should be denied.

A. **Plaintiff Is Not Entitled to Relief Under Rule 60(a), Which Applies Only to Clerical Errors and Mistakes Arising from Oversight or Omission**

Motions for relief from a judgment or order under Rule 60(a) of the Federal Rules of Civil Procedure should be granted only to correct clerical errors or omissions. *See Bowen Inv., Inc. v. Carneiro Donuts, Inc.*, 490 F.3d 27, 29 (1st Cir. 2007) (a motion under Rule 60(a) is appropriate where the judgment "'failed to reflect the court's intention'" but does not "provide for the correction of 'the deliberate choice of the district judge'" (citations omitted)); 11 Wright, *et al., Federal Practice & Procedure* § 2854 at 240 (3d ed. 2010) ("Subdivision (a) deals solely

3

with the correction of errors that properly may be described as clerical or as arising from oversight or omission. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b).")). Rule 60(a) "is not a vehicle for relitigating matters that already have been litigated and decided, or to change what has been deliberately done." *Id.* at 249.

Plaintiff's Motion cites no such clerical errors or failures of the Court's decision to express the Court's intention. Rather, Plaintiff cites three "omissions" which she presents under the headings "Untried Evidence – 'Submissions'"; "Untried Evidence – 'Library Access'"; and "Untried Evidence – 'Probative Similarity.'" Pl.'s Br. at 5-8. Under these three headings, Plaintiff contends that the Court failed to consider certain factual evidence that Plaintiff believes it should have considered. *Id.* Rule 60(a), however, does not allow for reconsideration of the facts:

> The relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties . . . or is instead a clerical, or a copying or computational mistake, which is correctable under the Rule. As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed. If, on the other hand, cerebration or research into the law or planetary excursions into the facts is required, Rule 60(a) will not be available.

*In re W. Tex. Marktg. Corp.*, 12 F.3d 497, 504-05 (5th Cir.1994).[1]

Because the "omissions" Plaintiff cites are merely her disagreements with the Court's reasoning and conclusions, this Court cannot consider them under Rule 60(a). Plaintiff's Motion under Rule 60(a) is nothing more than an attempt to relitigate her claims under the same legal theories that this Court and the First Circuit have already rejected.

---

[1] Plaintiff also attempts to reopen the dismissed state law claims, claiming that the court failed to consider the works at issue. Pl.'s Br. at 9-10. This claim is incorrect; the Court explicitly stated in its decision that "in considering Defendants' motions to dismiss, [it] review[ed] the parties' works referred to in the complaint to the extent necessary." Feldman, 723 F.Supp.2d at 360, 366-67.

4

**B. Plaintiff is Not Entitled to Relief Under Rule 60(b) Because the Alleged "New Evidence" Would Not Have Changed the Outcome of the Case and Because No Other Reasons Justify Relief**

Relief from a judgment or order under Federal Rule of Civil Procedure 60(b) is "extraordinary in nature and . . . motions invoking that rule should be granted sparingly." *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002). Rule 60(b)(2) allows relief from a judgment only when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered." Fed. R. Civ. P. 60(b)(2). Plaintiff's purported "new evidence" contains no evidence at all, but rather consists of inadmissible news reports about the hacking of cellular phone voice mails by the now-defunct British tabloid newspaper, the *News of the World*. Pl.'s Br. at 1-4. The fact that defendant News Corporation is the parent corporation of the *News of the World*, a London newspaper, and Defendant Twentieth Century Fox Film Corporation, an entirely separate film studio based in Los Angeles, is hardly "evidence" of any conduct by the film studio. Just as Plaintiff failed make any plausible allegations of "hacking" in her complaints – which she alleged against *all* of the defendants, not just Fox – Plaintiff once again fails to provide any "evidence" of such activity by the Fox defendants now.

Not only has Plaintiff failed to provide any new "evidence," she has also failed to show that her so-called evidence would have changed the outcome of the case. A party moving for relief under Rule 60(b)(2) has the burden of proving that its new evidence is "'of such a material and controlling nature as [would] probably [have] change[d] the outcome'" of the case. *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir.1995) (quoting *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 924 n. 10 (1st Cir.1988)). Plaintiff's theory of access would not change the outcome of the case because the works at issue were not substantially similar.

In its July 13, 2010 decision, this Court found not only that Plaintiff's theories of access to her copyrighted material were "essentially 'speculation and conjecture,'" *Feldman*, 723

5

F.Supp.2d at 365, but that as a matter of law, there was no probative similarity between the Plaintiff's and Defendants' works because none of the elements which Plaintiff alleged Defendants copied were copyrightable, *id* at 366-67[2]. Therefore, even if the alleged new evidence was somehow relevant on the issue of the Fox Defendants access to Plaintiff's works – which it plainly is not – the outcome of the case would remain the same. The alleged new evidence has no bearing on the independent legal issue of probative similarity, which was decided in Defendants' favor. Absent a finding of probative similarity, there can be no actionable copying. Accordingly, the alleged new evidence is not of a "material and controlling nature" and Plaintiff's motion under Rule 60(b)(2) must be denied.

Finally, Plaintiff also seeks relief under Federal Rules of Civil Procedure 60(b)(6). Rule 60(b)(6) allows relief from a judgment or order for "any other reason that justifies relief." Rule 60(b)(6) relief is appropriate "only where exceptional circumstances justifying extraordinary relief exist." *Paul Revere Variable Annuity Insurance Co. v. Zang*, 248 F.3d 1, 5 (1st Cir.2001). For instance, courts have granted relief under Rule 60(b)(6) when one party failed to comply with a settlement agreement, *Keating v. Sheet Metal Workers Int'l Ass'n*, 937 F.2d 408 (9th Cir. 1991); when the losing party failed to receive notice of a decision in time to file an appeal, *Lewis v. Alexander*, 987 F.2d 392 (6th Cir. 1993); or when there was gross neglect by plaintiff's counsel, *Fuller v. Quire*, 916 F.2d 358 (6th Cir. 1990).

Plaintiff's brief does not specify any exceptional circumstances that would justify relief under Rule 60(b)(6) or other reason for reopening her case other than her belief that this Court erred in consideration of her claim. Plaintiff's attempt to yet again relitigate issues already

---

[2] Plaintiff's contention that the Court's decision rested on the question of access alone and failed to address probative similarity, Pl.'s Br. at 2, 8, 12, is belied by the plain language of the decision, which discussed probative similarity at some length and concluded, "Without allegations to support access to her copyrighted work or probative similarity, Plaintiff cannot prove actual copying as a matter of law. Accordingly, her copyright infringement claims must be dismissed." Feldman, 723 F.Supp.2d at 367 (emphasis added).

decided by this Court and affirmed by the First Circuit should be rejected and her Motion to Reopen denied.

For all these reasons, the Fox Defendants respectfully ask the Court to deny plaintiff's motion to reopen her case.

Dated: New York, New York
July 26, 2011

    Respectfully submitted,

    DAVIS WRIGHT TREMAINE LLP

    /s/ Elizabeth A. McNamara
    Elizabeth A. McNamara (EM 1987), *Pro Hac Vice*
    1633 Broadway
    New York, New York 10019-6708
    Phone (212) 489-8230
    Fax (212) 489-8340

    BROWN RUDNICK LLP
    Elizabeth A. Ritvo (BBO#421440)
    One Financial Center
    Boston, MA 02111
    Phone (617) 856-8249
    Fax (617) 289-0415

    *Attorneys for Defendants Twentieth Century Fox Film Corporation, News Corporation, NBC Universal, Inc., and Kevin Falls*

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties of record by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                        /s/Elizabeth A. Ritvo
                                                        Elizabeth A. Ritvo

Dated: July 26, 2011