UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DEBRA FELDMAN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) No. 09-CV-10714- DPW |
| TWENTIETH CENTURY FOX, TWENTIETH | ) |
| CENTURY) FOX TELEVISION, TWENTIETH | ) |
| CENTURY FOX GROUP, NEW CORPORATION, | ) |
| NBC UNIVERSAL, INC., KEVIN FALLS, MARC | ) |
| KORMAN, UNITED TALENT AGENCY, ENDEAVOR | ) |
| (Talent management), SHONDA RHIMES, ABC | ) |
| TELEVISION STUDIOS (aka ABC Studios, Touchstone | ) |
| Television), ABC ENTERTAINMENT, MARK GORDON | ) |
| PRODUCTION COMPANY, GREG BERLANTI, | ) |
| MARC GUGGENHEIM, and DOES 1-75, | ) |
| | ) |
| DEFENDANTS. | ) |

**OPPOSITION OF ENDEAVOR AND MARC KORMAN
TO MS. FELDMAN'S RULE 60(b) MOTION**

British Tabloids owned by Rupert Murdoch's News Corp. may stand accused of "hacking" into the cell phone conversations of British royalty and celebrities, but that remote scandal hardly affects this case and should not be used as the basis for reopening matters here. In short, Ms. Feldman does not tie the British hacking scandal to either Endeavor (now known as William Morris Endeavor Entertainment, Inc., or "WME2" for short) or Marc Korman, let alone to her own life and works. There is no new evidence or allegation to even plausibly show that either WME2 or Korman ever gained access to Ms. Feldman's mostly unpublished works. Without such access, there can be no copyright infringement.

Even were the British hacking scandal somehow relevant to Ms. Feldman's claims, she still has not shown or alleged new evidence regarding substantial similarity between the

allegedly infringing television shows and her works. She merely reargues points that first this Court, and then the First Circuit, rejected. Thus, there is no cause to reopen her twice-rejected copyright claims.

This Court first dismissed Ms. Feldman's claims in their entirety on July 13, 2010. [D.N. 134-135]. Unsatisfied with the decision, Ms. Feldman moved for reconsideration, which this Court denied. [Electronic Order, dated August 5, 2010]. Undeterred, Ms. Feldman appealed the judgment of dismissal to the First Circuit. [D.N. 149] On April 15, 2011, the First Circuit affirmed this Court's dismissal in its entirety. Finally, sanctions are now warranted against Ms. Feldman for burdening the Court and the parties with frivolous motions after both this Court and the First Circuit have already dismissed her claims.

## ARGUMENT

A.  **FELDMAN'S NEWLY DISCOVERED EVIDENCE IS NOT PROBATIVE**

To prevail on her motion to reopen this case, Ms. Feldman "must demonstrate that the missing evidence was of such a material and controlling nature as would probably have changed the outcome." *MCI Telecomm'ns Corp. v. Matrix Comm'ns*, 135 F. 3d 27, 34 (1st Cir. 1998) (internal quotation marks omitted). Particularly in this jurisdiction, reopening a case is the exception, not the rule. "Unlike other courts which have indicated 'that Rule 60(b) motions should be granted liberally,' the First Circuit . . . adheres to a 'harsher' approach requiring that the circumstances of the case be truly exceptional given the countervailing interest in the finality of judgments." *U.S. v. One Sixth Share of James J. Bulger In All Present And Future Proceedings of Mass Millions Lottery Ticket No. M246233*, No. 95-11513, 2002 U.S. Dist. LEXIS 6176, at *13-14 (D. Mass. March 28, 2002), citing *Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe*, 257 F.3d 58, 63-64 (1st Cir. 2001).

2

Ms. Feldman has not made that exceptional showing here. As grounds for her motion, Ms. Feldman claims that the so-called *News of the World* scandal is the "newly discovered" evidence that she needs to support her unfounded allegations of access. How this British scandal--which involves a British tabloid snooping on British royalty and celebrities--relates to Ms. Feldman (who is neither British, royal, nor a celebrity) or to the defendants, particularly WME2 and Korman, is anybody's guess. Ms. Feldman's new theory of access is the same sort of "speculation and conjecture" that this Court dismissed last year. *See* D.N. 134, citing *Grubb v. KMS Patriots, L.P.*, 88 F. 3d 1, 3 (1st Cir. 1996) ("Plaintiff's theories of access involving computer hacking, eavesdropping, and her ex-boyfriend are essentially 'speculation' and 'conjecture' . . . [that] are insufficient to show that defendants had a reasonable opportunity of access"); *see also, e.g., MCI Telecomm'ns Corp.*, 135 F. 3d at 34-35 (affirming dismissal of Rule 60(b)(2) motion where the introduction of a concealed agreement did not bolster plaintiff's previously dismissed claims).

Even assuming *arguendo* that Ms. Feldman's "newly discovered evidence" could somehow, against all odds, establish that the defendants gained access to her work, she *still* cannot prevail on her motion. In particular, this Court also dismissed Ms. Feldman's copyright infringement claims because she failed to prove <u>substantial similarity</u> between her copyrighted work and the accused television shows. As the Court previously held, "copyright protection does not extend to stock characters. . . common names, plots, subplots or themes." *See* D.N. 134, at pp. 19-20, citing *CMM Cable Rep., Inc. v. Ocean Coast Properties, Inc.*, 97 F.3d 1504, 1519 (1st Cir. 1996) and *Franklin v. Ciroli*, 865 F. Supp. 947, 949 (D. Mass. 1994). Once the protected aspects were filtered from the unprotected aspects of Feldman's works and then held up against defendants' television shows, it was apparent that plaintiff did not have any viable infringement

ME1 12035253v.1

claims. *Id.* at 18 ("time travel is a general idea that is not subject to copyright protection. . . [m]any of the alleged infringing elements are uncopyrightable scenes a fair, or stock scenes, inherent in the portrayal of time travel"). Because none of the "newly discovered evidence" can cure the defect of lack of substantial similarity, her motion to set aside the judgment must be denied. *Hoult v. Hoult*, 57 F.3d 1, 14 (1st Cir. 1995) (affirming denial of motion for new trial where introduction of new evidence would not lead to a different outcome in the case).

## B. *RES JUDICATA* BARS THE RE-LITIGATION OF FELDMAN'S CLAIMS

The remainder of Ms. Feldman's motion is simply an attempt to reargue the substantial similarity contentions that this Court and then the First Circuit have already rejected. That judgment must remain final.

The doctrine of *res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in the action." *Steele v. Ricigkiano*, No. 10-11458, 2011 U.S. Dist. LEXIS 53170, at * 5 (D. Mass. May 18, 2011) (allowing motion to dismiss under the doctrine of *res judicata* for so-called new claims brought out of the same nucleus of operative fact as previously dismissed claims). "The law. . . is clear that the dismissal for failure to state a claim does constitute a final judgment for res judicata purposes." *See Andrews-Clarke v. Lucent Technologies, Inc.*, 157 F. Supp. 2d 93, 99 ("A dismissal for failure to state a claim is a judgment on the merits. . . This type of dismissal, presumed to be with prejudice unless the order explicitly states otherwise, has a claim preclusive effect"); *see also Isaac v. Schwartz*, 706 F.2d 15, 16(1st Cir. 1983) ("The entry of a valid and final judgment on the merits extinguishes. . . all rights of a plaintiff to remedies against the defendant with respect to all or any part of a transaction, or series of connected transactions, out of which the complaint arose").

4

The record is clear that the Court heard Ms. Feldman's allegations of substantial similarity (and access for that matter) and found them lacking. Even if Ms. Feldman had a new theory to advance in support of her claims, she cannot do so because she was already afforded a full and fair opportunity to substantiate her claims. *See Pasterczyk v. Fair*, 819 F.2d 12, 13 (1st Cir. 1987) ("a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action") (emphasis added); *Lynch v. Board of State Examiners of Electricians*, 218 F. Supp. 2d 3, 8 (D. Mass. 2002) ("[Plaintiff] attempted to argue these. . . claims in the Appeals Court albeit without success. He is therefore barred from bringing the present case even though he may be prepared to proffer new legal theories to support his claim").

## C. BECAUSE MS. FELDMAN KNEW SHE WAS PROHIBITED FROM RE-LITIGATING HER CLAIMS AND ATTEMPTED TO DO SO ANYWAY, SHE SHOULD BE SANCTIONED

Rule 11 sanctions are intended "to protect parties and the Court from wasteful, frivolous and harassing lawsuits." *See Steele*, 2011 U.S. Dist. LEXIS 53170, at * 11. When "a pro se litigant attempts to re-hash claims that have already been litigated in prior actions, Rule 11 sanctions are appropriate, and indeed are required if the pleading is frivolous." *Hughes v. McMenamon*, 379 F. Supp. 2d 75, 80 (D. Mass. 2005) (sanctioning *pro se* plaintiff after plaintiff filed a frivolous Rule 60(b) motion to set aside a judgment without any basis in fact or law); *see also, e.g.*, *Toegemann v. U. of Rhode Island*, No. 90-1878, 1991 U.S. App. LEXIS 7099, 8 (1st Cir. April 3, 1991) (imposing sanctions on a *pro se* plaintiff who sought to revive dismissed state court claims by filing same cause of action in federal court).

Ms. Feldman now attempts to re-litigate her claims on the flimsiest of excuses. The remote British hacking scandal has absolutely no connection with Ms. Feldman, her novels, or

the defendants.  Further, Ms. Feldman merely reargues points already considered and rejected by this Court and the First Circuit.  Under similar circumstances, this Court has sanctioned *pro se* plaintiffs.  For example, in *Jones v. Social Security Administration*, No. 03-12436, 2004 U.S. Dist. LEXIS 25377, at * 12 (D. Mass. Dec. 14, 2004), this Court enjoined a *pro se* litigant from filing further suits against the defendant after the plaintiff persisted in bringing "claims involving facts and circumstances previously and repeatedly rejected" by this Court.  In reaching the decision, the Court ruled that in addition to the power to impose monetary sanctions, Rule 11 provides the district court with the power to "enjoin litigants who abuse the court system by filing groundless and vexatious litigation." *Id.* at * 15.  The Court recognized that serious measures should be taken to ensure that the *pro se* litigant's repeated litigation of previously-dismissed claims would end.  *Id.* at * 13-14.

       The same result is warranted here.  Over the course of the past year, Ms. Feldman has repeatedly filed motions and briefs re-hashing the same baseless claims set forth in her complaint, even though these claims have been dismissed.  This failure to concede that her claims lacked merit has burdened the Court and each of the defendants.  Ms. Feldman's conscious disregard of the finality of this Court's dismissal of her claims cannot be tolerated any further.  *See id.* at * 10 (sanctions are appropriate when the *pro se* litigant's behavior in an action "is the continuation of a deliberate pattern that has resulted in the expenditure by the Court of significant time and resources in deciding" baseless filings).

## **CONCLUSION**

For all of the foregoing reasons, Defendants WME2 (formerly "Endeavor") and Marc Korman respectfully request that the Court deny Ms. Feldman's Rule 60(b) motion to set aside the entry of judgment and enter appropriate sanctions against Ms. Feldman, including an order enjoining her from engaging in future litigation of these claims against the defendants.

        WILLIAM MORRIS ENDEAVOR
        ENTERTAINMENT, LLC (*f/k/a* Endeavor)
        and MARC KORMAN

        By their attorneys,

        /s/ Kara A. Lynch_____
        Erik Paul Belt, BBO # 558620
        Kara A. Lynch, BBO # 659920
        McCarter & English, LLP
        265 Franklin Street
        Boston, MA  02110-3113
        617.449.6500
        Ebelt@mccarter.com
        Klynch@mccarter.com

July 26, 2011

## CERTIFICATE OF SERVICE

I certify that, on July 26, 2011, a true copy of the above document was served upon the plaintiff, appearing *pro se*, and counsel of record for each other party via *ECF*.

/s/ Kara A.Lynch
Kara A. Lynch